IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lev AVERBAKH, | ] | Immigration Case No. A 71 851 681 |
| Plaintiff, | ] | |
| | ] | **Civ. No. 08C 0144** |
| vs. | ] | |
| Michael CHERTOFF, | ] | COMPLAINT FOR JUDICIAL |
| Secretary, Department | ] | NATURALIZATION |
| of Homeland Security; | ] | UNDER 8 U.S.C. § 1447(b); |
| Emilio T. GONZALES, | ] | PETITION FOR A WRIT |
| Director, U.S. Citizenship and | ] | OF MANDAMUS |
| Immigration Services; | ] | UNDER 28 U.S.C. § 1361 |
| Ruth DOROCHOFF, | ] | |
| District Director, U.S. Citizenship and | ] | |
| Immigration Services; | ] | |
| Robert S. MUELLER, III, | ] | Hon. Judge NORGLE |
| Director, Federal Bureau of Investigations; | ] | |
| Defendants. | ] | |

## PLAINTIFF'S BRIEF ON SUBJECT MATTER JURISDICTION

Plaintiff Lev Averbakh, by and through the undersigned counsel, hereby submits his brief in support of his petition for a Federal Court or judicial naturalization under 8 U.S.C. § 1447(b) and his petition for a writ of mandamus under 28 U.S.C. § 1361. Pursuant to this Court's January 10, 2008 order, Mr. Averbakh's brief is timely submitted on or before Friday, February 22, 2008.

### I.   Statement of Facts

Plaintiff Lev Averbakh is native to and a national of Russia. In or around August 1992, Mr. Averbakh was granted asylum status and protection under sections 208(b)(1)(A) and 101(a)(42)(A) of the Immigration and Nationality Act ("I.N.A." or the "Act"), 8 U.S.C. §§ 1158(b)(1)(A) and 1101(a)(42)(A) respectively. In 1993 his status

1

was adjusted to that of a lawful permanent resident. *See, generally*, I.N.A. § 209, 8 U.S.C. § 1159.

On or about January 20, 2004, the plaintiff perfected his application for naturalization on Form N-400 with the adjudicatory agency, the U.S. Citizenship and Immigration Services (USCIS). Thereafter, Mr. Averbakh was fingerprinted pursuant to the regulatory requirements at 8 C.F.R. § 316.4(b). An interview on his N-400 Application for Naturalization was conducted by an officer of the USCIS Chicago District Office on November 29, 2004. His application remains pending and unadjudicated since its original filing over 4 years ago; thus on January 8, 2008, Mr. Averbakh filed this petition to bypass the defendants' inability or unwillingness to act upon his naturalization application. The plaintiff requests this Honorable Court to naturalize him to United States citizenship provided that he warrants naturalization per the edicts of the I.N.A. and its implementing regulations.

## II. Subject Matter Jurisdiction is Properly Vested with this Court Pursuant to 8 U.S.C. § 1447(b).

The Court's order of January 10, 2008 directs both parties to brief the issue of whether or not this Court is vested with subject matter jurisdiction to adjudicate Mr. Averbakh's petition. In response, the plaintiff contends that his petition for judicial naturalization and a writ of mandamus is properly brought before the Court as the Court's jurisdiction is squarely governed by section 336(b) of the Act, 8 U.S.C. § 1447(b). The statute provides as follows:

> **Failure to Make Determination**
>
> If there is a failure to make a determination under section 335 before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States

2

district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

By its terms, 8 U.S.C. § 1447(b) provides subject matter jurisdiction with the Federal district court of proper venue conditioned upon the administrative agency's failure to adjudicate the plaintiff's naturalization application within 120 days of the "examination." It is well to note that the District Court for the Northern District of Illinois recently held that the term "examination" for purposes of the statute does not encompass the peripheral background checks and the investigative process prior to the adjudication. Antonishin, et al. v. Keisler, 2007 WL 2788841 (N.D. Ill. Sept. 20, 2007). Therefore, as Mr. Averbakh's petition for judicial naturalization is perfected outside of the 120 days immediately following his November 24, 2004 interview, there exists no impediment for the Court to pass on the merits of his petition.

Furthermore, nothing with the I.N.A.'s jurisdictional-stripping provisions at section 242(a)(2)(B) of the Act, 8 U.S.C. § 1252(a)(2)(B) impedes jurisdiction as the I.N.A.'s naturalization statute clearly provides for an independent naturalization process within the Judiciary absent a timely completion by the Executive branch agency. Thus, the case at bar is distinguished from Sharif v. Chertoff, No. 07-1690, 2007 U.S. Dist. LEXIS 51701 (N.D. Ill. July 18, 2007), in which the Court held that it did not have jurisdiction to compel USCIS to expedite or alter the pace in which it processes the plaintiff's petition because the pace is discretionary and review-barred by 8 U.S.C. § 1252(a)(2)(B)(ii). Above and beyond Sharif, jurisdiction is secure within the naturalization statute independent of jurisdiction that emanates from the mandamus

statute at 28 U.S.C. § 1361 and the Administrative Procedures Act ("APA") at 5 U.S.C. § 706(1).

Stated in another way, the Court in <u>Sharif</u> was only empowered to **compel** the agency to expedite or adjudicate the immigration benefit under a petition for mandamus and APA relief. The <u>Sharif</u> Court declined to issue the writ citing to a lack of jurisdiction over discretionary decisions within the sole purview of the Attorney General or the Secretary for Homeland Security. *See* 8 U.S.C. § 1252(a)(2)(B)(ii). The Court reasoned, however, that a particularly egregious delay could be tantamount to an agency refusal to process the immigration application, yet the government's approximately 18 month delay fell far short of that level.

Set apart from <u>Sharif</u>, Mr. Averbakh requests the Court to exercise jurisdiction over the **merits** of his application for naturalization, i.e. to naturalize him to U.S. citizenship. In the alternative – and provided that the Court is unwilling to outright adjudicate his naturalization application – the plaintiff requests a court order to specify a timeframe for the agency to render a merits decision while maintaining jurisdiction and supervising the adminstrative naturalization process. Like plaintiff's petition for judicial naturalization, his alternative request is grounded in the text of the naturalization statute at 8 U.S.C. § 1447(b).

The plaintiff submits that the Court's subject matter jurisdiction arises by operation of law upon the accrual of 120 days from his November 29, 2004 naturalization interview. However, assuming *arguendo* that the **length** of delay outside of 120 days has any bearing on the Court's jurisdictional inquiry, the plaintiff underscores the fact that his properly filed N-400 Application for Naturalization has been pending without decision

4

for over 4 years. Based upon the government's inaction and continuous delay, and in the interests of justice, Mr. Averbakh respectfully requests the Court to exercise its jurisdiction and adjudicate his application, or in the alternative, to require the defendants to adjudicate his application in a timely and expeditious manner.

Respectfully submitted,

_/s/ David Cook_  
David Cook  
Attorney of Record for the Plaintiff  
Kenneth Y. Geman and Associates  
33 N. LaSalle St., Ste. 2300  
Chicago, IL 60602

(312) 263-6114 phone  
(312) 263-0104 fax

Date: February 19, 2008

## CERTIFICATE OF SERVICE

The undersigned attorney, David Cook, hereby certifies that in accordance with Fed. R. Civ. P. 5, L.R. 5.5, the following document was served to the following party on February 19, 2008 by hand delivery:

James M. Kuhn, Sr.  
Assistant U.S. Attorney  
Office of the U.S. Attorney  
219 South Dearborn Street  
Chicago, Illinois 60604

_/s/ David Cook_  
David Cook

Date: February 19, 2008

5