UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEV AVERBAKH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 144 |
| v. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | Judge Norgle |
| Department of Homeland Security, *et al.* , | ) | |
| | ) | |
| Defendants. | | |

## ANSWER

The defendants, by Patrick J. Fitzgerald, United States Attorney for the Northern District of

Illinois, answer the complaint for writ of mandamus as follows:

### First Defense

This court lacks subject matter jurisdiction over the complaint.

### Second Defense

The complaint fails to state a claim upon which relief can be granted.

### Third Defense

Relief should be denied plaintiffs as an exercise of judicial discretion to withhold relief.

Defendants respectfully submit that even if the court is empowered to act, this is not an appropriate

case for the court to engage in the business of reordering agency priorities, or jeopardize national

security or the public safety by ordering the application of plaintiffs to be adjudicated out of order

thereby prejudicing the numerous individuals who met the requirements for naturalization before

him and who are waiting to have their case adjudicated.

**Fourth Defense**

Answering the specific allegations of the complaint, and using the same paragraph numbering, the defendants admit, deny, or otherwise aver as follows:

**<u>Jurisdiction and Venue</u>**

1.    This Court is vested with jurisdiction pursuant to the following statutory provisions: 28 USC § 1331; 8 USC § 1447(b) (jurisdiction to review application for naturalization; and 28 USC § 1361 (mandamus jurisdiction).

> *Answer*:    Defendants admit the allegations contained in paragraph one of the complaint.

2.    Venue is proper in this Court pursuant to 28 USC § 1391(e). The Defendants, collectively, are officers or employees of the United States or department agencies of the United States acting in their official capacity. The Plaintiff resides in this district and no real property is involved in this action. The events or omissions giving rise to the claim largely occurred in this district, in that that the Chicago District Office of the U.S. Citizenship and Immigration Services (USCIS) processed and interviewed the Plaintiff on his application for naturalization.

> *Answer*:    Defendants admit the allegations contained in paragraph two of the complaint.

**<u>Parties</u>**

3.    Plaintiff Lev AVERBAKH is a national of and native to Russia. In or around August 1992, Mr. Averbakh was granted asylum status by either the former Immigration and Naturalization Service or the agency Immigration Court within the Department of Justice, Executive Office for Immigration Review. In or around 1993, he adjusted status to lawful permanent residence. He currently resides in within the jurisdiction of this Court in Chicago, Illinois.

*Answer*:    Upon information and belief, defendants admit the allegations contained

in paragraph three of the complaint.

4.    Defendant Michael CHERTOFF is named in his official capacity as the Secretary of the Department of Homeland Security (DHS). The DHS Secretary is responsible for the administration and enforcement of laws related to the naturalization of foreign nationals. See 8 USC § 1103(a)(1).

*Answer*:    Defendants admit the allegations contained in paragraph four of the

complaint.

5.    Defendant Emilio GONZALES is named in his official capacity as the Director of the U.S. Citizenship and Immigration Services. He is responsible for the administration of the USCIS, the agency under the DHS that adjudicates applications for naturalization.

*Answer*:    Defendants admit the allegations contained in paragraph five of the

complaint.

6.    Defendant Ruth DOROCHOFF is named in her official capacity as the District Director of the USCIS for the Chicago district. She is responsible for the administration of the USCIS in the Chicago district purusant to 8 CFR §§ 310.2 and 316.3.

*Answer*:    Defendants admit the allegations contained in paragraph six of the

complaint.

7.    Defendant Robert MUELLER, III, is named in his official capacity as the Director of the Federal Bureau of Investigations (FBI). He is ultimately responsible to conduct background checks on applicants for naturalization when requested by the USCIS.

*Answer*:    Defendants admit the allegations contained in paragraph seven of the

complaint.

**Statement of the Facts**

8.    On or about January 20, 2004, Lev Averbakh filed an N-400 application for naturalization with the USCIS. See Exhibit 1 (Copy of the Form I-797C, Receipt Notice). Shortly thereafter, Mr. Averbakh appeared for a biometrics appointment as required for the adjudication of his N-400 application.

*Answer*:    Defendants admit the allegations contained in paragraph eight of the complaint.

9.    On November 29, 2004, an interview on Mr. Averbakh's N-400 naturalization application was conducted at the USCIS Chicago District Office. See Exhibit 2 (Copy of the I-797C, Interview Notice).

*Answer*:    Defendants admit the allegations contained in paragraph nine of the complaint.

10.    At the interview, Mr. Averbakh passed the test of English and U.S. history and civics as required by 8 USC § 1423. Following the completion of the inteview, USCIS notified him that a decision could not be made on his application as the background check remained pending with the FBI.

*Answer*:    Defendants admit the allegations contained in paragraph ten of the complaint.

11.    Since the November 29, 2004 interview, the Defendants have yet to complete the processing of Mr. Averbakh's application for naturalization.

*Answer*:    Defendants admit the allegations contained in paragraph eleven of the complaint.

12.    On about mid-2005, the law offices at Kenneth Y. Geman and Associates submitted a status inquiry with the USCIS Chicago District Office requesting a status update of Mr. Averbakh's pending naturalization application. The Chicago District Office responded on or about July 30, 2005 stating that "records indicate that the applicant's case is currently pending completion of security checks." See Exhibit 3 (Copy of the July 30, 2005 USCIS response to the status inquiry).

*Answer*:    Defendants admit the allegations contained in paragraph twelve of the complaint.

13.    Thereafter, Mr. Averbakh sought assistance from the Office of Janice D. Schakowsky, Congresswoman for the 9th District of Illinois. On his behalf, an inquiry was submitted to the USCIS by the congressional office. The USCIS Chicago District Office responded on or about December 13, 2005 stating that, "the FBI 'name check' for your constituent [Lev Averbakh] has not yet been completed...It is uncertain the time period it takes for the results to be electronically submitted to USCIS and updated in or national records." See Exhibit 4 (Copy of the December 13, 2005 response from USCIS to Congresswoman Schakowsky).

*Answer*:    Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph thirteen of the complaint.

14.    On December 18, 2006, Kenneth Y. Geman and Associates submitted another status inquiry on behalf of Mr. Averbakh with the USCIS Chicago District Office. The Defendant USCIS responded on December 22, 2006 that "the FBI name chack is still pending." See Exhibit 5 (Copy of the December 18, 2006 status inquiry and copy of the December 22, 2006 response by USCIS).

*Answer*:    Defendants admit the allegations contained in paragraph fourteen of the complaint.

15.    In or around May 2007, Mr. Averbakh corresponded with the USCIS Ombudsman's Office requesting a completion of the background check and an adjudication of his N-400 application for naturalization. On May 8, 2007, the USCIS Ombudsman notified Mr. Averbakh that a status inquiry was forwarded to USCIS on his behalf. On May 25, 2007, the USCIS responded to the Ombudsman's inquiry stating that "A check of our records establishes that your case in not yet ready for decision, as the required investigation into your background remains open." See Exhibit 6 (Copy of the USCIS Ombudsman correspondence on May 8, 2007 and the USCIS response on May 25, 2007).

*Answer*:    Upon information and belief, defendants admit the allegations contained in paragraph fifteen of the complaint.

16.    In or around May 2007, Mr. Averbakh sought the assistance of the Office of the U.S. Senator, Barah Obama. On his behalf, the Office of Senator Obama submitted an inquiry with the USCIS. On or about September 7, 2007, the Defendant USCIS responded that Mr. Averbakh's naturalization application remained pending and unadjudicated. See Exhibit 7 (Copy of the September 2007 correspondence between Office of Barak Obama and the USCIS).

*Answer*:    Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph sixteen of the complaint.

17.    To date, the Defendants have not adjudicated the Plaintiffs N-400 application for naturalization or completed his pending background check or name check.

*Answer*:    Defendants admit the allegations contained in paragraph seventeen of the complaint.

**Cause of Action**

**Count I: Declaration of Naturalization Pursuant to 8 USC § 1447(b)**

18.     Count I is brought against Defendants Chertoff, Gonzales and Dorochoff as the persons responsible for the processing of Mr. Averbakh's N-400 application for naturalization.

*Answer*:     Defendants admit the allegations contained in paragraph eighteen of the complaint.

19.     Mr. Averbakh is statutorily eligible in all respects to have his naturalization application approved and to have an oath of citizenship administered for him to become a U.S. citizen. He previously submitted to the Defendants' fingerprinting requirements and thus the Defendants have no substantive reason to deny or further delay the adjudication of his application.

*Answer*:     Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph nineteen of the complaint.

20.     On information and belief, USCIS internal policies restrain the agency from either approving or denying Mr. Averbakh's application until the FBI has completed its investigation. The naturalization provisions of the Immigration and Nationality Act, however, do not require Mr. Averbakh to wait an indefinite amount of time. To the contrary, the statute requires the USCIS to complete its processing within 120 days of the naturalization interview. More than 120 days have passed since the interview. The Defendants' failure to make a determination on the application for naturalization, and Mr. Aberbakh's filing of this complaint provide this Court with exclusive jurisdiction under 8 USC § 1447(b) to determine the application for naturalization, or to order the agency to promptly determine the application. *See, e.g. United States v. Hovespian*, 359 F.3d 1144 (9th Cir. 2004); *Khan v Chertoff*, 2006 U.S. Dist. LEXIS 48937 (D. Ariz. July 14, 2006); *Khelifa*

*v. Chertoff*, 433 F.Supp. 2d 836, 841 (E.D. Mich. June 9, 2006); *Meyersiek v. United States Citizenship and Immigration* Services, 2006 U.S. Dist. LEXIS 37539 (D.N.J. May 22, 2006); *Al-Kudsi v. Gonzales*, 2006 U.S. Dist. LEXIS 16761 (D. Or. March 22, 2006); *Zhang v. Chertoff*, 2006 U.S. Dist. LEXIS 45313 (E.D. Mich. February 1, 2006); *Shalan v. Chertoff*, 2006 U.S. Dist. LEXIS 253 (D. Mass. January 6, 2006); *Saidi v. Jenifer*, 2005 U.S. Dist. LEXIS 35466 (E.D. Mich. December 23, 2005); *Essa v. United States Citizenship and Immigration Services*, 2005 U.S. Dist. LEXIS 38803 (D. Minn. December 14, 2005); *El Daour v. Chertoff*, 417 F.Supp.2d 679, 681 (W.D. Pa. 2005); *Castracani v. Chertoff*, 377 F.Supp. 2d. 71 (D.D.C. July 5, 2005).

> *Answer*:    Defendants deny the allegations contained in paragraph twenty of the
> complaint.

21.    Mr. Aberbakh requests a judicial determination of his naturalization application and a declaration that he is entitled to be naturalized as a citizen of the United States.

> *Answer*:    Defendants admit the allegations contained in paragraph twenty one of
> the complaint.

## Count II: Mandamus - Request for Completion of Background Checks

22.    Count II is brought against Defendant Mueller in his official capacity as Director of the FBI as the person who is ultimately responsible for completing the background check in Mr. Averbakh's case.

> *Answer*:    Defendants admit the allegations contained in paragraph twenty two of
> the complaint.

23.    Defendant Mueller owes a duty to the Plaintiff to complete his background check in a timely manner. Mr. Averbakh has the right to have this background check completed and to

receive a decision on his application for naturalization in a timely manner. Completing the background check is a minsterial act that does not involve the exercise of discretion.

   *Answer*:   Defendants deny the allegations contained in paragraph twenty three of

                the complaint.

24.    Defendant Mueller is violating his duty by refusing to complete Mr. Averbakh's background check in a reasonable amount of times and by failing to communicate the results of such background checks to the USCIS.

   *Answer*:   Defendants deny the allegations contained in paragraph twenty four of

                the complaint.

25.    Mr. Averbakh demonstrates that he has exhausted all available adminstrative remedies and sought to resolve the matter informally with Defendants. See paragraphs 11 through 17, supra.

   *Answer*:   Defendants deny the allegations contained in paragraph twenty five of the

                complaint.

26.    Mr. Aberbakh needs to have his background check completed immediately to allow him to naturalize to become a U.S. citizen.

   *Answer*:   Defendants admit that the background check must be completed before

                he can be naturalized and deny the remaining allegations contained in

                paragraph twenty six of the complaint.

## Prayer for Relief

WHEREFORE, Plaintiff, Mr. Lev Aberbakh, prays that:

1.      The Court will hear Mr. Aberbakh's case and render a declaratory judgement that he is entitled to be naturalized;

2.      The Court will order an immediate date for naturalization of Mr. Aberbakh and will oversee the actual naturalization of Mr. Aberbakh; and

3.      The Court grant such further relief, including attorney fees and costs of this action, as may be just, lawful, and equitable.

*Answer*:    Defendants deny that plaintiff is entitled to any relief whatsoever, prays for judgment in their favor, with costs, and that the court award such further relief as may be appropriate.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:   s/ James M. Kuhn, Sr.
   JAMES M. KUHN, SR.
   Assistant United States Attorney
   219 South Dearborn, Room 500
   Chicago, Illinois 60604
   (312) 353-1877
   james.kuhn @ usdoj.gov